CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 15 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER D. WARD, | |
| Petitioner, | Civil Action No. 7:04-cv-00465 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, DIRECTOR VIRGINIA DEPARTMENT OF CORRECTIONS | By: Samuel G. Wilson United States District Judge |
| Respondent. | |

Christopher D. Ward brings this petition under 28 U.S.C. § 2254, challenging his conviction in the Circuit Court of Albemarle County for possession of cocaine with intent to distribute. Ward claims that his attorney failed to appeal his conviction to the Supreme Court of Virginia despite Ward's request. Ward raised that claim in a habeas petition to the Supreme Court of Virginia, and that court denied the claim on its merits because it found that Ward "did not direct counsel to pursue an appeal to [that] court." This court finds that the adjudication of the Supreme Court of Virginia was not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of the facts. Accordingly, the court grants the respondent's motion to dismiss.

I.

Ward was found guilty in a court trial in the Circuit Court of Albemarle County of possession of cocaine with intent to distribute, and the court sentenced him to twenty years imprisonment with thirteen years and eight months suspended. Ward appealed his conviction to the Court of Appeals of Virginia,

claiming that the evidence was not sufficient to support his conviction. That court denied his appeal, and Ward's attorney, Michael J. Hallahan, did not appeal to the Supreme Court of Virginia.

Ward filed a state habeas petition, claiming ineffective assistance of counsel. In his sworn petition, Ward maintained that he spoke with Hallahan by phone and requested Hallahan to appeal to the Supreme Court of Virginia. However, Hallahan submitted an affidavit stating that he wrote Ward, apprizing him that the Court of Appeals had denied his appeal and advising him that he could note an appeal to the Supreme Court of Virginia within thirty days. Hallahan also submitted a letter he had sent to Ward, in which he recommended against an appeal, explaining that he did not believe that the Supreme Court of Virginia would "be any more receptive" to the appeal than the Court of Appeals had been and that he believed an appeal would "only result in higher court costs." According to Hallahan's affidavit, Hallahan "received no response from Mr. Ward," and he had "no recollection" of the phone conversation in which Ward maintains he instructed Hallahan to appeal. Hallahan stated that it was "[his] practice to keep records of all contacts with clients in the respective files" and that he "[had] no record of any telephone conversation with Mr. Ward during [the pertinent] time period." According to Hallahan, "it is highly unlikely that any such conversation would have taken place, without mention of it in [his] file." He further stated that he would have appealed if Ward had requested.[1] In light of these submissions, the Supreme Court of Virginia found Ward's claim meritless and dismissed his petition.

---

[1] Ward claims that the Supreme Court of Virginia's reliance on an affidavit as evidence was inappropriate. However, claims of error in state collateral proceedings are not cognizable on federal habeas, Bryant v. State of Md., 848 F.2d 492, 493 (4th Cir. 1988), and the evidentiary rules of state courts are beyond the jurisdiction of the federal courts, see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation omitted).

2

Ward, in turn, filed this federal habeas petition, raising the same claim.

## II.

The federal habeas statute prohibits this court from granting relief on any claim that the state court adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 354-5 (2000). The Supreme Court of Virginia adjudicated Ward's claim, and the court's decision was not based on an unreasonable determination of the facts and was not the result of an unreasonable application of federal law. In light of Hallahan's affidavit and letter,[2] it was not unreasonable for the Supreme Court of Virginia to find that Ward did not request an appeal and that Hallahan, therefore, acted objectively reasonably and did not prejudice Ward. See Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, the court dismisses Ward's claim.[3]

---

[2]The mere fact that the Supreme Court of Virginia relied on affidavits, in lieu of live testimony, does not require this court to hold an evidentiary hearing. See Sawyers v. Collins, 986 F.2d 1493, 1504 (5th Cir. 1993) (en banc) (upholding district court's denial of habeas relief without an evidentiary hearing where state court had adjudicated claim and based factual determinations entirely upon affidavits), cited with approval by, Williams v. Taylor, 189 F.3d 421, 428-29 (4th Cir. 1999) (upholding district court's denial of habeas relief without a hearing where Supreme Court of Virginia had determined, based on affidavits alone, that the prosecution had not suppressed an alleged informal plea agreement that the Commonwealth had made with a witness for the prosecution), rev'd in part on other grounds, 529 U.S. 420 (2000).

[3]The court also notes that the Sixth and Fourteenth Amendments do not afford a right to counsel for "second level" appeals, see Ross v. Moffitt, 417 U.S. 600 (1974) (holding that the right to counsel at earlier stages of criminal proceedings did not carry over to a discretionary appeal provided by North Carolina law from the intermediate appellate court to the Supreme Court of North Carolina), and that an ineffective assistance of counsel claim is tenable only when there is an underlying Sixth

3

Case 7:04-cv-00465-SGW-mfu Document 18 Filed 04/15/05 Page 3 of 4 Pageid#: 55

## III.

For the reasons stated, the court dismisses Ward's § 2254 petition.

**ENTER:** This ___ day of April, 2005.

                                                    *[signature]*
                                          UNITED STATES DISTRICT JUDGE

---

Amendment right to counsel. <u>Wainwright v. Torna</u>, 455 U.S. 586, 587-88 (1982). Consequently, because Ward alleges ineffective assistance related to his "second level" appeal, the court also finds that Ward has failed to state a federal claim, and, therefore, is not entitled to federal habeas relief.